IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Jesus Gomez, | ) | Case No. 22-cv-2286 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| Duininck, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF THE CASE

1. This is an action under the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §2000e, *et seq*., as well as the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*, to correct unlawful employment practices based upon disability, race, and national origin discrimination and retaliation, and to provide appropriate relief to Plaintiff, Jesus "JJ" Gomez.

2. As alleged with greater particularity below, Gomez alleges that his employer, Duininck, Inc. discriminated against him based on his disability, race, and national origin in violation of 42 U.S.C. § 12101, *et seq*., and 42 U.S.C. § 2000e, *et seq*., failed to provide a reasonable accommodation to his known disability, and subsequently retaliated against him when it took away tools for Gomez to do his job and ultimately terminated him for complaining of discriminatory treatment in violation of 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 12203. Said discrimination and retaliation also violated the Minnesota Human Rights Act ("MHRA"), Minn. Stats. §§ 363A.08 and 363A.15.

## JURISDICTION AND VENUE

3.      This court has jurisdiction pursuant to 28 U.S.C. §1331 federal question jurisdiction, as the claims arise from violation of the laws of the United States. Gomez timely filed a discrimination charge and a retaliation charge with the Equal Employment Opportunity Commission ("EEOC"), has received a notice of a right to sue, and has complied with all administrative requirements. This court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S. Code § 1367.

4.      Venue is appropriate in this District as the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

5.   Gomez is a resident of Kandiyohi County, Minnesota, and at all relevant times was an employee of Duininck, Inc.

6.   Duininck, Inc.is an employer engaged in industry affecting commerce located at 408 6th Street, Prinsburg, Minnesota, County of Kandiyohi.

## FACTUAL BACKGROUND

7.      Gomez is a Hispanic male. He began working for Duininck in or around April 2019 as a yard coordinator.

8.      Gomez was treated poorly by his coworker, Josh Hunt. Gomez reported these incidents to his supervisors but nothing was ever done. In his reports, Gomez stated that Hunt:

   a.  Got very angry at people and yells at them;

b. Belittles JJ and upsets him by yelling and putting JJ down;

c. Withholds information needed for JJ to do his job;

d. Talks to other employees about JJ and tells them stuff that is not true about his work performance;

e. Takes pictures of JJ around the shop and yard (When Josh is just a coworker and not JJ's boss);

f. Bullies and yells at other coworkers (Daniel C) at the Eagle Lake Shop.

9. Gomez reported these several incidents to his supervisors, Cortland Acosta and Dave Brouwer, on several occasions. However, no changes were made regarding Hunt's approach to his coworkers.

10. He and his wife wrote an email to his supervisors and to HR on May 29, 2020 to report the above incidents. Again, no changes were made or training conducted related to how staff interacted with each other.

11. On February 9, 2021, a coworker of Gomez, Kelly Olsen, was watching a video in the lunchroom and he shouted out, "What a dumb fucking bitch! Some stupid nigger put gorilla glue in her hair." Gomez was incredibly offended by these racist comments and reported it to his supervisor. They did not do anything. Gomez then went to HR to report the incident instead. Instead of an investigation, Gomez was written up because he allegedly did not follow the proper chain of command – he allegedly did not tell his supervisor about it. Gomez's supervisor at that time was Brad Nelson.

12. In February 2021, Gomez reported another incident to HR regarding Hunt.

13. The text of Gomez's complaint read:

1. Josh Hunt approached me on the loader while I was cleaning snow. He came at me very angry like and started to cuss at me, "Why the fuck did you tell Cortland to tell me to move the water truck, why the fuck don't you do it yourself?" I had not told Cortland anything to him about Josh; I had just called Cortland to see if anyone in the shop would be able to move the water truck by the shop doors so that I could continue cleaning snow. I didn't say anything to Josh at the time, I just let him yell and then went inside and talked to Cortland about what happened. Cortland said that he would talk to Josh and take care of it.

2. As I was leaving work on 2/3/21, Josh walked by me in the hallway and started asking really loudly "why I called him a crybaby?" When in fact, I never said a word to him. I just continued to walk out towards my car. He then proceeded to yell something across the parking lot as I walked away. Josh then walked towards Brad Nelson's truck yelling and then talking to Bad. Afterwards I did talk to Dave Brouwer. Dave stated that he would have a meeting on Friday with everyone but I still sent out an email to report the incident because this was not the nest [sic] or second time that I was harassed by Josh Hunt.

Today, 2/15/2021, I got verbal warning from Dave Brouwer in front of Cortland Acosta and Brad Nelson. The reason being that I had emailed HR instead of letting Dave handle it.

14. The email to HR stated ([sic] throughout):

Hello,

I just had another in-counter with Josh today, Josh has been very upset lately and as I was walking out of the shop at5:45 he walked by me and he asked why I called him a "crybaby"? I did not say anything to him. He then proceeded to yell something across the parking lot as I was walking to my car. He also walked towards Brad Nelson's truck yelling and then talking to him. I am starting to feel a lot of hostility from Josh Hunt and Brad Nelson.

I did call and talk to Dave Brouwer. We did talk about what happened today. Dave said he would try to set up a meeting for Friday. I just wanted to also inform you guys because I am feeling like I am being attacked at work from Josh and Brad's actions towards me. This has been the third or fourth time that I have reported an in counter with Josh Hunt and nothing has been resolved.

Any questions please email me.

Thanks,

JJ Gomezz

15.    In February 2021 Gomez was injured at work. He suffered a torn ligament and tendon injury in his right wrist.

16.    Defendant and its managers tried to require Plaintiff to see the company's doctor instead of going to Plaintiff's clinic. When Plaintiff went to his own doctor, Defendant refused to accommodate his injury and made sure Plaintiff was unable to do his job effectively. Defendant required Plaintiff to perform job duties that violated the restrictions his doctor had prescribed for him.

17.    As part of his injury recovery, Plaintiff would go to physical therapy appointments. Prior to going to one of his physical therapy appointments, Gomez's supervisor, Cortland Acosta, told him that "physical therapy is for puñetas," and made a hand gesture like he was masturbating. Gomez took Acosta's use of the word puñeta in that context as a derogatory term for homosexuals.

18.    Gomez reported several incidents of harassment in early 2021. Instead of correcting the harassing conduct, his supervisors did not address his concerns. Consequently, Gomez took his concerns to HR and his bosses' supervisors.

19.    When Gomez took his concerns to HR and to his bosses' supervisors, he was disciplined instead of having his concerns addressed. Duininck management gave Gomez a verbal warning, then a written warning, and then terminated him because he allegedly did not follow proper protocol for reporting incidents of harassment.

20.     However, Gomez did follow protocol until he learned following protocol would never lead to any sort of action to address the issues he was complaining about. Instead of sitting with the problem, he took them to the next supervisory level, as he is supposed to do.

21.     Rather than assist Gomez, he was retaliated against and was wrongfully terminated because of his reporting of harassing conduct.

## JURY DEMAND

22.     Plaintiff hereby demands a jury trial on any issue triable as a matter of right.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

23.     Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

24.     Defendant's actions as set forth above constitute discrimination against Plaintiff based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

25.     Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

26.     Defendant's actions as set forth above constitute discrimination against Plaintiff based on his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e-2(a).

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII

27.     Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

28.     Defendant's actions as set forth above, including disciplining him and terminating him from his position after he complained of race and national origin discrimination and harassment, constitute retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, in violation of 42 U.S.C. §2000e-3(a).

## COUNT IV

### DISABILITY DISCRIMINATION UNDER THE ADA

29.     Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

30.     Defendant's actions as set forth above constitute a violation of the ADA in violation of 42 U.S.C. §12112, in that Defendant discriminated against Plaintiff because of his disability, and also because Defendant refused to accommodate his disability.

## COUNT V

### FAILURE TO ACCOMMODATE UNDER THE ADA

31.     Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

32.     Defendant's actions as set forth above constitute a violation of the ADA in violation of 42 U.S.C. §12112, in that Defendant refused to accommodate his disability.

## COUNT VI

## RETALIATION UNDER THE ADA

33.     Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

34.     Defendant's actions as set forth above constitute retaliation against Plaintiff in violation of the ADA, 42 U.S.C. §12203.

## COUNT VII

## STATE CLAIM OF DISABILITY DISCRIMINATION

35.     Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

36.     By the above-described conduct, Defendant discriminated against Plaintiff because of his disability in violation of Minn. Stat. § 363A.08, subd. 2 (2), by wrongfully discharging him because of his disability.

## COUNT VIII

## STATE CLAIM OF FAILURE TO ACCOMMODATE DISABILITY

37.     Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

38.     By the above-described conduct, Defendant discriminated against Plaintiff because of his disability, or perceived disability, in violation of Minn. Stat. § 363A.08, subd. 6, by failing to provide reasonable accommodations for plaintiff.

39.     Defendant further failed to engage in an interactive process in violation of Minn. Stat. §363A.08, subd. 6.

## COUNT IX
## STATE CLAIM OF REPRISAL

40.    Plaintiff reincorporates by reference paragraphs 1 through 21 and incorporates them herein.

41.    By the above-described conduct, Defendant engaged in reprisal against Plaintiff for engaging in the protected conduct of requesting reasonable accommodations from Defendant in violation of Minn. Stat. § 363A.15.

## COUNT X
## RACE DISCRIMINATION IN VIOLATION OF THE MHRA

42.    Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

43.    Defendant's actions as set forth above constitute discrimination against Plaintiff based on his race in violation of Minn. Stat. §363A.08, subd. 2.

## COUNT XI
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE MHRA

44.    Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

45.    Defendant's actions as set forth above constitute discrimination against Plaintiff based on his national origin in violation of Minn. Stat. §363A.08, subd. 2.

## COUNT XII
## RETALIATION IN VIOLATION OF THE MHRA

46.    Plaintiff realleges paragraphs 1 through 21 and incorporates them herein.

47.    Defendant's actions as set forth above constitute reprisal and retaliation against Plaintiff for his having complained of being discriminated against on the basis of his race and national origin by Defendant in violation of Minn. Stat. §363A.15.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Gomez whole by paying him damages on each of Counts I through XII;

B. Award Plaintiff his past and future lost income, benefits, wages and all economic amounts recoverable under Title VII, and the MHRA;

C. Order Injunctive Relief as is just and equitable;

D. Award Plaintiff damages and relief available under Title VII and Minn. Stat. §§363A29, Subd. 4(a) and Subd. 5(1), including but not limited to, damages for mental anguish or suffering and other damages;

E. Treble damages as are allowable under the MHRA, Minn. Stat. §363A.29. Subd. 4(a);

F. Award damages as permitted by applicable statute and law;

G. Award Plaintiff his costs, disbursements, and attorney's fees as permitted by law;

H. Grant such other relief as the court deems just and equitable.

**FIEBIGER LAW, LLC**

Dated: September 20, 2022

By: s/Rolf T. Fiebiger
Rolf T. Fiebiger (#391138)
6800 France Ave S., Suite 190
Edina, MN 55435
Telephone: 612.888.6084
rolf@fiebigerlaw.com

Attorney for Plaintiff Jesus Gomez